UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Hadassah Swiatycki<br><br>　　　　　　　　　Plaintiff,<br><br>　-v.-<br><br>JPMorgan Chase Bank, N.A.<br><br>　　　　　　　　　Defendant. | **DEMAND FOR JURY TRIAL**<br><br>**C.A. No.:** 7:20-cv-5186 |

## COMPLAINT

Plaintiff Hadassah Swiatycki ("Plaintiff") by and through her attorneys, and as and for her Complaint against Defendant JPMorgan Chase Bank, N.A. ("Chase") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of Section 227 *et.seq.* of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, County of Rockland, residing at 7 Ann Blvd, Spring Valley, NY, 10977.

3. Defendant JPMorgan Chase Bank, N.A. is a Delaware corporation with an address for service in New York c/o CT Corporation System, located at 28 Liberty Street, New York, NY, 10005.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

7. Sometime prior to November 2019, a consumer obligation was allegedly incurred with Chase.

8. On information and belief, on a date better known to Defendant Chase, Defendant Chase began calling Plaintiff's cellular telephone (ending in 6668), using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

9. Defendant Chase placed calls to Plaintiff's cell phone in the manner described previously.

10. On or around November 2019 Plaintiff told Defendant Chase not to contact her on her cellphone and revoked any consent the Defendant Chase may have previously had to call the Plaintiff in this manner.

11.     Once Defendant Chase was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

12.     Defendant Chase ignored Plaintiff's prior revocation and continued to call her cellular telephone number on a consistent basis.

13.     These calls from Defendant Discover to Plaintiff was a collection communication in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

14.     As a result of Defendants unfair practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)

15.     Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

16.     The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

17.     Defendant used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

18.     Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

19.     Defendant willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

## **DEMAND FOR TRIAL BY JURY**

20. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Hadassah Swiatycki demands judgment from Defendant JPMorgan Chase Bank, N.A. as follows:

a) For actual damages provided and pursuant to 47 U.S.C. § 227(b)(3);

b) For statutory damages provided and pursuant to 47 U.S.C. § 227(b)(3);

c) For attorney fees and costs provided and pursuant to 47 U.S.C. § 227(b)(3);

d) A declaration that the Defendant's practices violated the TCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: July 7, 2020

Respectfully Submitted,

/s/David Force
By: David P. Force, Esq.
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: 201-282-6500 ext. 107
Fax: 201-282-6501
Email: dforce@steinsakslegal.com
*Attorneys for Plaintiff*